UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLOS F. MUSGROVE
    Petitioner,

vs.                                          Case No.: 3:05cv260/MCR/EMT

JAMES V. CROSBY JR.,
    Defendant.
_____/

**ORDER, REPORT AND RECOMMENDATION**

      This matter is before the court upon a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1), Respondent's Response to Petition for Writ of Habeas Corpus (Doc. 6), Petitioner's Reply to Respondent's Response (Doc. 9) and Petitioner's Motion for Stay and Abeyance (Doc. 10).  This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed without prejudice for Petitioner's failure to exhaust his state court remedies.  Additionally, Petitioner's motion for stay will be denied.

      Petitioner was charged with possession of cocaine, possession of paraphernalia and tampering with evidence (Doc. 1 at 1; Doc. 6 at 2).  He was tried before a jury (Doc. 7, Ex. B) and on September 20, 2003, he was convicted as charged and sentenced to seven years in prison (Doc. 1 at 1).  Petitioner filed a direct appeal with the First District Court of Appeal of Florida ("First DCA") (Doc. 1 at 2; Doc. 6 at 4; Doc 7, Ex. A at 145).  His appellate counsel filed an <u>Anders</u> brief (Doc. 1 at 10; Doc. 6 at 4), stating that counsel was unable to make a good faith argument that reversible error occurred in the trial court (Doc. 7, Ex. C).  Petitioner was granted leave to file a pro se brief (Doc. 1 at 10) and he did so, contending that the police planted drug paraphernalia in his

house, deprived him of his right to call his attorney during the search of his home, never advised him that he was a person of interest and demanded that he talk (Doc. 7, Ex. D). The state was directed not to answer Plaintiff's brief (*see* Doc. 6 at 4), and the First DCA affirmed the trial court on October 4, 2004. Musgrove v. State, 888 So.2d 25 (Fla. 1st DCA 2004).

Petitioner raises one ground for relief in the instant habeas corpus petition (Doc. 1 at 4). Petitioner contends that, while he was a suspect in an investigation, his "Miranda rights were violated when he unequivocally asserted his right to counsel and right to remain silent" (Doc. 1 at 4). Petitioner asserts in his petition that this issue was raised on direct appeal to the First DCA (Doc. 1 at 4). Respondent contends that Petitioner has failed to properly exhaust state remedies and argues that because Petitioner may no longer properly present his claim in a state proceeding this petition is procedurally barred from federal habeas review (Doc. 6 at 11). In Petitioner's reply to Respondent's response, Petitioner asserts that he raised the Miranda issue on appeal and his claim should therefore be considered exhausted (Doc. 9 at 2). However, in Petitioner's motion for stay, Petitioner concedes that he has not exhausted his state remedies and requests that this Court stay the instant habeas action to enable him to do so (Doc. 10 at 2).

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[1] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting

---

[1] Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i)  there is an absence of available State corrective process; or

        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365-66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); Picard, 404 U.S. at 277-78. In Florida, exhaustion of state remedies generally requires a direct appeal or an appeal from the denial of a post-conviction motion. *See* Leonard v. Wainwright, 601 F.2d 807 (5th Cir. 1979).

In the instant case, Petitioner concedes that he has not exhausted his claim in state court (Doc. 10 at 2). This court will not hold the federal petition in abeyance while Petitioner pursues his unexhausted claim in state court. Indeed, federal courts must dismiss without prejudice petitions where the state court remedies have not been exhausted as to each and every ground of the petition. Rose v. Lundy, 455 U.S. 509, 519-20, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982); Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998).

Accordingly, it is **ORDERED:**

1. Petitioner's motion for stay (Doc. 10) is **DENIED.**

And it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED without prejudice** for failure to exhaust.

At Pensacola, Florida, this 20th day of October 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:05cv260/MCR/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**